I am quite aware of the law which gives to a natural parent the superior claim to the custody of his or her child, but four judges (the trial judge and three appellate judges) have determined, under the facts of this case, that it plainly appears that the interests of the child require that custody be in one other than the natural parent. Since I find no misapplication of the law by either the trial judge or the appellate judges, I would affirm their judgment that theinterests of the child, in this case, were plainly shown to be best served by awarding his custody to one other than his natural father. There is no indication that the trial judge was unfamiliar with the rule of law which gives the parent of a child a superior claim to his custody; therefore, I would affirm his determination that it was clearly in the best interests of the child to be placed in the custody of one other than his parent.
On the issue of the in camera hearing, the Court of Civil Appeals has determined that the objection made by the petitioner was insufficient. In any event, the Court of Civil Appeals determined that if the trial judge committed error in conducting an in camera hearing, it was harmless error.
TORBERT, C.J., and FAULKNER, J., concur.